FILED
IN CLERKS OFFICE

2025 APR -4 PM 3:07

U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**ARMANI DOSHI,**
**Plaintiff,**
v.
**BOSTON ANIMAL CARE AND CONTROL DEPARTMENT, OFFICER PATTI (BADGE #113), VERIS RESIDENTIAL, MASSACHUSETTS STATE POLICE LOGAN AIRPORT BARRACKS (TROOP F), LIEUTENANT ALAN D. BORGAL, and ANIMAL RESCUE LEAGUE,**
**Defendants**

Civil Action No.

## I. INTRODUCTION

1. Plaintiff, Armani Doshi, appearing pro se, brings this civil action against Defendants Boston Animal Care and Control Department, Officer Patti (Badge #113), Veris Residential, Massachusetts State Police Logan Airport Barracks (Troop F), Lieutenant Alan D. Borgal, and the Animal Rescue League for violations of Plaintiff's constitutional and statutory rights, as well as state law torts. Plaintiff asserts that Defendants engaged in a coordinated campaign of misconduct, including unlawful searches in violation of the Fourth Amendment, retaliation for Plaintiff's protected First Amendment activity, violations of due process under the Fourteenth Amendment, unfair and deceptive practices under M.G.L. c. 93A, §§ 2 and 9, violations of the Massachusetts Civil Rights Act (M.G.L. c. 12, §§ 11H and 11I), harassment, invasion of privacy, defamation, emotional distress, abuse of process, and tortious interference with contractual relations. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, the return of Plaintiff's dog Savannah, a public apology, expungement of criminal records, and other equitable relief to remedy the severe harm caused by Defendants' actions.

2. The factual basis for this lawsuit began on September 11, 2024, when Officer Patti, accompanied by Massachusetts State Police, arrived at Plaintiff's residence alleging an investigation into animal cruelty concerning Plaintiff's German Shepherd, Savannah, based on false or misleading information from resident Julianne Januzzi. Officer Patti took unauthorized photographs of Plaintiff's apartment interior and employed coercive tactics to pressure Plaintiff into

licensing Savannah, despite lacking evidence of abuse. On September 24, 2024, a Veris Residential employee falsely accused Plaintiff of mistreating Savannah, joined by Januzzi recording from her balcony, triggering a coordinated response from State Police and MassPort Police. Although MassPort and State Police initially acknowledged on video that Plaintiff was not abusing Savannah, State Police ultimately sided with Januzzi and the Veris Residential employee, dismissing Plaintiff's explanations, with a sergeant explicitly stating he did not care about Plaintiff's side and exhibiting biased behavior. This incident marked the beginning of an ongoing pattern of harassment, including repeated State Police visits in November 2024, culminating in the retaliatory filing of criminal charges by Lieutenant Borgal and the Animal Rescue League, the seizure of Savannah on December 19, 2024, and Plaintiff's 27-day detention from December 19, 2024, to January 15, 2025, all of which form the basis of this action.

## II. PARTIES

3. Plaintiff, Armani Doshi, is a resident of 50 Lewis St., Apt. 508, East Boston, MA 02128, where Plaintiff has resided during all relevant times. Plaintiff owns a German Shepherd named Savannah, for whom Plaintiff has provided adequate care, including timely vaccinations. Plaintiff has been subjected to an unlawful investigation, harassment, privacy violations, retaliatory criminal charges, the seizure of Savannah, and a 27-day detention, causing severe emotional distress, reputational harm, and loss of enjoyment of life.

4. Defendants:

Boston Animal Care and Control Department and Officer Patti (Badge #113) are sued in their official and individual capacities. Officer Patti spearheaded a baseless investigation into Plaintiff's care of Savannah, despite lacking credible evidence of abuse, took unauthorized photographs of Plaintiff's apartment interior without a warrant or consent, coerced Plaintiff into licensing Savannah under threat of legal action, and disseminated videos to the Animal Rescue League, including misleading or false information, contributing to Plaintiff's emotional distress, privacy violations, reputational harm, and the eventual seizure of Savannah.

**Veris Residential is the property management company of Portside at East Pier, located at 40 E Pier Dr., East Boston, MA 02128. Veris Residential staff released Plaintiff's personal information, including apartment details and dog records, to Animal Control and State Police without authorization or a warrant, which facilitated unwarranted investigations and harassment, provided a copy of Plaintiff's apartment key to State Police without a warrant or exigent circumstances, and allowed maintenance staff to improperly discuss Plaintiff's personal matters with other residents, violating Plaintiff's privacy and fostering an environment of harassment. Veris Residential employees also falsely accused Plaintiff of mistreating Savannah, and the company issued a retaliatory no-trespass order, threatening Plaintiff's housing voucher and causing emotional distress, reputational harm, and interference with contractual relations.**

**Massachusetts State Police Logan Airport Barracks (Troop F) participated in a coordinated campaign to target Plaintiff, including obtaining Plaintiff's apartment key from Veris Residential without a warrant, conducting repeated harassing visits to Plaintiff's residence without probable cause, refusing to provide clarity or evidence of wrongdoing, dismissing Plaintiff's attempts to refute false allegations, and contributing to the retaliatory criminal charges and seizure of Savannah. These actions caused Plaintiff severe emotional distress and violated Plaintiff's constitutional rights, including the right to be free from unreasonable searches and retaliation.**

**Lieutenant Alan D. Borgal is sued in his official and individual capacities as an officer of the Animal Rescue League. Lieutenant Borgal, in coordination with the Animal Rescue League, pursued baseless criminal charges against Plaintiff following Plaintiff's Superior Court lawsuit, relying on videos that did not show abuse, and seized Savannah on December 19, 2024, in a retaliatory manner, causing Plaintiff emotional distress, reputational harm, and loss of companionship.**

**Animal Rescue League coordinated with Lieutenant Borgal in the unlawful investigation, filing of retaliatory criminal charges, and seizure of Savannah, despite lacking credible evidence of abuse, contributing to Plaintiff's emotional distress, reputational harm, and the violation of Plaintiff's constitutional rights.**

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it involves federal questions arising under the Fourth Amendment (unreasonable searches), First Amendment (retaliation), and Fourteenth Amendment (due process) to the United States Constitution, as well as 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over Plaintiff's state law claims, including emotional distress, defamation, privacy violations, and violations of the Massachusetts Civil Rights Act, pursuant to 28 U.S.C. § 1367, as these claims derive from a common nucleus of operative facts with the federal claims.

6. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in East Boston, Massachusetts, within this judicial district, and all Defendants reside in or are entities operating within the Commonwealth of Massachusetts.

## IV. FACTUAL ALLEGATIONS

7. On September 11, 2024, at approximately 10:45 a.m., Officer Patti (Badge #113) from Boston Animal Care and Control Department, accompanied by Massachusetts State Police (including Trooper James Higgins), arrived at Plaintiff's residence at 50 Lewis St., Apt. 508, East Boston, MA, claiming to investigate a report of animal cruelty involving Plaintiff's German Shepherd, Savannah. The report originated from resident Julianne Januzzi, who alleged Plaintiff was holding Savannah by the collar and walking her on her back legs, but did not explicitly claim abuse.

8. Earlier that day Officer Patti visited the property management office of Veris Residential at 40 E Pier Dr., East Boston, and spoke with employee Kayden Tibbets. Kayden, per instructions from Veris Residential's legal department, provided Officer Patti with Plaintiff's personal information—including Plaintiff's name, apartment number, and Savannah's vet records—without Plaintiff's consent or a warrant, in violation of Plaintiff's privacy rights under M.G.L. c. 214, § 1B. Kayden mentioned that others had also made complaints about Plaintiff, and a maintenance employee named Alex, who reportedly lives on the same floor as Plaintiff, stated he witnessed "similar behaviors."

**9. On September 11, 2024, Officer Patti (Badge #113) from Boston Animal Care and Control Department, accompanied by Massachusetts State Police (including Trooper James Higgins), visited Plaintiff's residence. Plaintiff did not initially open the door for Officer Patti or the State Police. Trooper Pacifico requested Plaintiff open the door, but Plaintiff refused. State Police then left to obtain an access key from building management, returning with the key accompanied by Sgt. Kearns, though Plaintiff was unaware of this at the time. Plaintiff warned them not to enter without a warrant, as there were no exigent circumstances. Plaintiff only agreed to open the door on the condition that State Police stand further down the hall, which Plaintiff instructed them to do, in order to dispel any suspicion of abuse to Savannah and to get Officer Patti and the State Police to leave. Plaintiff did not allow Officer Patti inside the apartment. When Plaintiff opened the door, Officer Patti, while standing in the hallway, took photographs of Savannah that captured the interior of Plaintiff's apartment without Plaintiff's consent or a warrant. Officer Patti noted that Savannah was "friendly and in good condition." Plaintiff discovered these unauthorized photographs on January 16, 2025, upon reviewing the Animal Control activity report attached to a search warrant affidavit filed by Lieutenant Alan D. Borgal.**

**10. Plaintiff had complied with all legal requirements for Savannah's care, including vaccinations, and possessed documentation to prove it. However, Officer Patti and State Police provided conflicting information during the visit, claiming there was video evidence of abuse but refusing to show it despite Plaintiff's multiple requests. Plaintiff was told the violation could be voided by licensing Savannah with the city, which Plaintiff contends was coercive and motivated by financial gain rather than animal welfare.**

**11. Later on September 11, 2024, at approximately 1:20pm Plaintiff visited the Veris Residential property management office at 40 E Pier Dr., East Boston, to ask employee Kayden Tibbets how Animal Control and State Police obtained Plaintiff's personal information. Kayden falsely claimed that Veris Residential did not provide the information and that Officer Patti already had Plaintiff's information for a welfare check. Plaintiff recorded this interaction, which contradicts the Animal Control activity report stating that Kayden provided the information per Veris Residential's legal department instructions.**

12. Later On September 11, 2024, at approximately 2:45 p.m., Plaintiff visited the Animal Control office to seek clarity on the investigation. Staff were evasive, refusing to provide further information or disclose the source of the complaint in a transparent manner, causing Plaintiff further emotional distress. During this visit, Plaintiff was informed that the violation could be voided if Plaintiff licensed Savannah with the city. Plaintiff told staff that he had documentation, including Savannah's contract, registration, and medical records, showing she was fully vaccinated and well cared for, as they had cited Plaintiff for having an unvaccinated dog. Staff claimed they were unaware of the vaccinations and had issued the citation for that reason, stating the citation would be voided upon licensing. Plaintiff felt pressured to comply with the demand under duress, involving intimidation to compel Plaintiff to act against his will. Plaintiff never complied with the demand and did not license Savannah, despite the offer being made.

13. On September 12, 2024, Veris Residential issued a no-trespass order against Plaintiff and forwarded it to the third-party firm managing Plaintiff's housing voucher, jeopardizing Plaintiff's housing stability. Plaintiff contends this action was retaliatory, stemming from the initial Animal Control visit.

14. Between September 18 and September 23, 2024, Julianne Januzzi contacted Officer Patti multiple times, providing additional videos alleging Plaintiff was holding Savannah by the collar and pulling her front paws to make her lie down. Julianne again did not explicitly claim abuse. On September 23, 2024, Veris Residential employee Ian Coffey reported to Officer Patti that maintenance staff, including an employee named Alex, observed scratch and bite marks on a closet door in Plaintiff's apartment, implying neglect. Alex improperly discussed this with Julianne, violating Plaintiff's privacy, as maintenance staff should not share Plaintiff's personal matters with other tenants. No photographs were provided to substantiate this claim.

15. On September 23, 2024, Officer Patti's director, Trzcinski, instructed her to contact the Animal Rescue League (ARL) and send them the videos provided by Julianne. Lieutenant Alan D. Borgal of the ARL was contacted, marking the beginning of his involvement in the investigation.

16. On September 24, 2024, Plaintiff was outside with Savannah, letting her use the bathroom, when a Veris Residential employee, stationed in a white van, accused Plaintiff of grabbing Savannah by the throat and threatened to call the police. The employee interacted with Julianne Januzzi, who was on her balcony at the time. MassPort and State Police arrived shortly after, suggesting a coordinated response. After their arrival, Julianne came downstairs and involved herself in the situation, at which point Plaintiff asked her questions, and she admitted she lacked experience with dog training and was not qualified to assess Plaintiff's actions. Plaintiff tethered Savannah to a public bench for safety and demonstrated to MassPort and State Police how Plaintiff handled Savannah by grabbing her collar, and both MassPort and State Police stated on video that Plaintiff was not abusing Savannah, that she appeared well cared for, and that Plaintiff was training her. Officer Patti admitted to State Police on video that there was no evidence of abuse. Despite this, State Police sided with Julianne and the Veris Residential employee, talking to them about the situation but not to Plaintiff. A State Police sergeant explicitly stated he did not care about Plaintiff's side, exhibiting dismissive and biased behavior by repeatedly cutting Plaintiff off, refusing to listen to Plaintiff's explanation, and obstructing Plaintiff's attempts to engage in meaningful dialogue with Officer Patti. When Plaintiff asked Officer Patti how she obtained Plaintiff's personal information, she refused to answer, stating she was not going to talk about it, and belittled Plaintiff by insisting State Police and Animal Control were trying to help, despite having no evidence. State Police promised to file a report but refused to do so, further demonstrating negligence. A passerby involved herself in the situation, making false statements and referencing an ankle monitor Plaintiff had worn in the past, which was irrelevant to the incident. Plaintiff recorded these interactions.

17. Between September and December 2024, Lt. Borgal obtained multiple videos from Julianne Januzzi and other witnesses, alleging mistreatment of Savannah. Lt. Borgal's search warrant reports include witness descriptions of these videos, such as Plaintiff throwing a ball with Savannah or walking with her. Plaintiff, upon reviewing the videos, confirms they do not show abuse; many of the videos depict Plaintiff taking Savannah to the bathroom or grabbing her by the collar, which Plaintiff asserts is not abuse. On November 19, 2024, Lt. Borgal personally observed Plaintiff with Savannah in a public park, claiming Plaintiff was roughly handling the dog, though Plaintiff disputes this characterization. Lt. Borgal did not attempt to speak with Plaintiff directly at any point during his investigation.

18. On November 5, 2024, Boston police. approached Plaintiff while Plaintiff was outside in the field training their dog. Plaintiff immediately told the officers to keep their distance. The officers claimed they had received a call but could not specify what was reported. One officer stated he was "trying to figure it out," implying he did not know why they were responding. Shortly afterward, State Police also arrived on the scene and asked Plaintiff for identification. Plaintiff refused, inquiring if any crime had been committed. The officers could not articulate any criminal act. After several minutes—during which time Plaintiff's phone died—Plaintiff instructed them to leave. Plaintiff has partial video footage of this interaction. This incident, in Plaintiff's view, constitutes harassment, as law enforcement continued to engage despite having no clear basis for their actions.

19. On November 12, 2024, at approximately 5:55 p.m., State Police knocked on Plaintiff's door without announcing a reason. Plaintiff did not open the door, and the officers left after about one minute. There was no known complaint or crime under investigation at that time. How they obtained Plaintiff's specific apartment information remains unclear, reinforcing Plaintiff's suspicion of ongoing harassment. Plaintiff has video footage of this interaction.

20. On November 13, 2024, at 10:08 a.m., State Police again came to Plaintiff's door, stating they wanted to get Plaintiff's side of what had happened that morning, though they did not specify the nature of the incident. Plaintiff assumed it involved a situation by the elevator, where a resident's dog caused Plaintiff's dog to bark. The woman began obnoxiously screaming, escalating the situation, while Plaintiff was simply waiting for the elevator. Plaintiff told her twice to "keep it moving" but did not otherwise engage. Despite this, State Police came to Plaintiff's door. Plaintiff did not open it and began recording. Plaintiff has video footage of this interaction. No further explanation was provided by the officers, indicating that building management or others may have again provided them with Plaintiff's personal information, constituting a breach of Plaintiff's right to quiet enjoyment.

21. On November 29, 2024, at approximately 4:30 p.m., Plaintiff took the dog out to a field in front of the building where Plaintiff regularly trains and plays with the dog. The moment Plaintiff arrived, a woman on her balcony began yelling at Plaintiff to "stop doing that to your dog," without specifying any action. It appeared she was waiting or watching for Plaintiff to come outside. Neighbors on an adjacent balcony also started recording Plaintiff, accusing Plaintiff of abuse. Plaintiff engaged in a verbal back-and-forth, believing these individuals may have been incited or encouraged by one of the Defendants to provoke a confrontation. At about 4:45 p.m., two Boston police officers approached Plaintiff, stating they had received multiple calls about alleged abuse. Plaintiff explained that no abuse was occurring. When Plaintiff declined to provide identification—citing no criminal activity—an officer unlawfully detained Plaintiff for approximately six minutes. During this detention, additional State Troopers and Boston police arrived, gathering in a group to discuss the situation without providing any proof of wrongdoing. After releasing Plaintiff, officers spoke to bystanders, but no corroborating evidence was ever presented. Plaintiff has video footage of this interaction. Plaintiff contends this detention was part of a broader pattern of harassment, causing further emotional distress.

22. On January 16, 2025, Plaintiff obtained critical records from East Boston Municipal Court, including search warrants, affidavits, police reports, and the Animal Control activity report. These records confirmed the allegations in this complaint, revealing that Lt. Borgal, in coordination with the ARL, applied for two search warrants to seize Savannah prior to December 2024, with a third warrant applied for on December 16, 2024, and executed on December 19, 2024. On December 9, 2024, MA Special State Police Officers, ARL, MA State Police, and MassPort Police attempted to execute a warrant from 9:00 a.m. to 5:00 p.m., an 8-hour period, but only searched outside and did not come to Plaintiff's apartment, despite knowing Plaintiff's address, raising questions about the legitimacy of their efforts. They were unable to locate Plaintiff or Savannah during this attempt, and the warrant was returned to the court on December 10, 2024, with the officers reporting they were unable to locate Plaintiff or seize Savannah. Plaintiff notes that Lt. Borgal and the ARL repeatedly applied for additional search warrants after failing to find Savannah, a pattern Plaintiff contends was improper and harassing, as it suggests an intent to target Plaintiff without sufficient basis and appears to be a fishing expedition, given their failure to attempt entry into Plaintiff's residence or produce concrete evidence of abuse despite multiple attempts.

23. Following Plaintiff's filing of a prior lawsuit in Superior Court, Lt. Borgal and the ARL filed criminal charges against Plaintiff on multiple docket numbers (2405CR001461 through 2405CR001466, and 2505CR0000170), alleging animal cruelty. Plaintiff learned of these charges and voluntarily turned himself in on December 19, 2024, facing them head-on despite not knowing the full extent of the situation. On the same day, while Plaintiff was at court, Lt. Borgal and the ARL executed a search warrant—issued on December 16, 2024—to seize Savannah from Plaintiff's apartment. After Plaintiff was booked for the charges, he was taken back to court for arraignment, where the news was present, publicizing the charges and further damaging Plaintiff's reputation. These charges led to the seizure of Savannah, revocation of Plaintiff's pretrial probation in a Somerville case (docket number 2410CR000076), a probation violation in a Malden case (docket number 2350CR1881), and detention for 27 days from December 19, 2024, to January 15, 2025, after bail revocation in a Chelsea case (docket number 2414CR000441). Plaintiff alleges these actions were retaliatory, intended to punish Plaintiff for pursuing legal action in Superior Court.

## V. CAUSES OF ACTION

**Count I: Negligent and Intentional Infliction of Emotional Distress**
24. Plaintiff realleges and incorporates by reference all prior allegations.

25. Defendants' conduct caused severe emotional distress to Plaintiff by subjecting Plaintiff to humiliation, harassment, and false accusations without due cause, ultimately resulting in Plaintiff's detention and the seizure of Plaintiff's dog, which further exacerbated the emotional harm experienced by Plaintiff. Specifically, Veris Residential made false accusations of animal cruelty against Plaintiff, Officer Patti and the Boston Animal Care and Control Department coerced Plaintiff into licensing his dog under threats of legal action without evidence, the Massachusetts State Police conducted repeated harassing visits to Plaintiff's residence, and Lieutenant Alan D. Borgal and the Animal Rescue League filed baseless criminal charges and seized Plaintiff's dog, Savannah, leading to Plaintiff's 27-day detention.

**Count II: Defamation (False Statements and Slander)**
26. Plaintiff realleges and incorporates by reference all prior allegations.

27. Veris Residential, the Boston Animal Care and Control Department, Officer Patti, the Massachusetts State Police, Lieutenant Alan D. Borgal, and the Animal

Rescue League contributed to the defamation of Plaintiff. Veris Residential made false statements to other parties, claiming Plaintiff was aggressive with his dog, which were unsubstantiated and damaging to Plaintiff's reputation. These statements were repeated to Animal Control and the State Police, contributing to the unwarranted investigation. The Boston Animal Care and Control Department and Officer Patti initiated the baseless investigation and sent videos to ARL. The Massachusetts State Police escalated the investigation through harassing visits and obstruction of Plaintiff's attempts to obtain information. These actions facilitated Lieutenant Alan D. Borgal and the Animal Rescue League's filing of criminal charges of animal cruelty against Plaintiff and the subsequent publicizing of Plaintiff's image in the news, causing widespread reputational damage.

**Count III: Breach of Privacy (M.G.L. c. 214, § 1B)**
28. Plaintiff realleges and incorporates by reference all prior allegations.

29. Veris Residential unlawfully shared Plaintiff's personal information without consent, contributing to the coordinated harassment and investigation, gave a key to Plaintiff's apartment to State Police without a warrant or exigent circumstances, and allowed maintenance staff to improperly discuss Plaintiff's personal matters with other residents, further violating Plaintiff's privacy and compounding the harm Plaintiff suffered. Officer Patti took photographs inside Plaintiff's apartment without Plaintiff's consent when Plaintiff opened the door to show his dog, also violating Plaintiff's privacy rights.

**Count IV: Retaliation and Tortious Interference with Contractual Relations**
30. Plaintiff realleges and incorporates by reference all prior allegations.

31. Veris Residential issued a no-trespass order shortly after Animal Control's visit, disrupting Plaintiff's relationship with the housing voucher provider and placing Plaintiff's housing at risk. Additionally, Lieutenant Alan D. Borgal and the Animal Rescue League filed criminal charges of animal cruelty against Plaintiff after the Superior Court lawsuit was filed and seized Plaintiff's dog, Savannah, further interfering with Plaintiff's contractual relations and retaliating against Plaintiff's legal action.

**Count V: Breach of Duties under Animal Control Law (M.G.L. c. 140, §§ 137 and 174E)**
32. Plaintiff realleges and incorporates by reference all prior allegations.

33. Defendants failed to follow statutory requirements by initiating an investigation based on faulty and incomplete information, failing to provide necessary evidence, and executing the seizure of Plaintiff's dog under questionable circumstances that raise serious concerns regarding the sufficiency and reliability of the evidence. Specifically, Officer Patti and the Boston Animal Care and Control Department initiated the investigation without credible evidence of abuse, and Lieutenant Alan D. Borgal and the Animal Rescue League executed the seizure of Plaintiff's dog, Savannah, despite lacking sufficient evidence, as shown by Officer Patti's observation of Savannah's good condition and videos not showing abuse.

**Count VI: Coercion, Duress, and Unjust Enrichment (M.G.L. c. 93A, §§ 2, 9 and 940 C.M.R. § 3.16(2))**
34. Plaintiff realleges and incorporates by reference all prior allegations.

35. Defendants' actions, including attempts to pressure Plaintiff into licensing the dog under false pretenses and threats of legal action without evidence, constitute coercion, duress, and a scheme for unjust enrichment, violating Massachusetts consumer protection laws. Specifically, Officer Patti and the Boston Animal Care and Control Department issued a citation for an unvaccinated dog despite Plaintiff having documentation of Savannah's vaccinations, and pressured Plaintiff into licensing his dog by offering to void the citation, a tactic Plaintiff believes was motivated by financial gain rather than animal welfare.

**Count VII: Breach of Quiet Enjoyment (M.G.L. c. 186, § 14)**
36. Plaintiff realleges and incorporates by reference all prior allegations.

37. Defendant Veris Residential unlawfully interfered with Plaintiff's right to quiet enjoyment by providing Plaintiff's personal information, including apartment details and dog records, to Animal Control and State Police without a valid legal basis; supplying a copy of Plaintiff's apartment key to State Police without a warrant or exigent circumstances; and allowing maintenance staff to improperly discuss Plaintiff's personal matters with other residents. Defendant Massachusetts State Police further contributed to the deprivation of Plaintiff's quiet enjoyment by repeatedly sending officers to Plaintiff's residence, knocking on Plaintiff's door unannounced, and disrupting Plaintiff's peace without legitimate justification. These actions deprived Plaintiff of the peaceful use and enjoyment of his residence.

**Count VIII: Violation of Fourth Amendment Rights (Unreasonable Search, 42 U.S.C. § 1983)**
38. Plaintiff realleges and incorporates by reference all prior allegations.

39. Defendant Officer Patti, acting under color of law, violated Plaintiff's Fourth Amendment right to be free from unreasonable searches by taking photographs of the interior of Plaintiff's apartment on September 11, 2024, without a warrant, consent, or exigent circumstances, as discovered in the Animal Control activity report on January 16, 2025. This unauthorized visual intrusion into Plaintiff's private space caused Plaintiff emotional distress and contributed to the unwarranted investigation.

**Count IX: Conspiracy to Violate Constitutional Rights (42 U.S.C. § 1983)**
40. Plaintiff realleges and incorporates by reference all prior allegations.

41. Defendants Officer Patti, Massachusetts State Police, Veris Residential, Lieutenant Alan D. Borgal, and the Animal Rescue League conspired to violate Plaintiff's Fourth Amendment and First Amendment rights by coordinating their actions to target Plaintiff without sufficient basis. These actions include Veris Residential providing Plaintiff's personal information and an access key to State Police without a warrant, Officer Patti taking unauthorized photographs and persisting in targeting Plaintiff despite admitting there was no evidence of abuse, State Police's repeated harassing visits, and Lt. Borgal and ARL's filing of baseless criminal charges and seizure of Savannah after Plaintiff's Superior Court lawsuit. These overt acts in furtherance of the conspiracy caused Plaintiff emotional distress, detention, loss of Savannah, and reputational harm.

**Count X: First Amendment Retaliation (42 U.S.C. § 1983)**
42. Plaintiff realleges and incorporates by reference all prior allegations.

43. Defendants Lieutenant Alan D. Borgal and the Animal Rescue League, acting under color of law, retaliated against Plaintiff for engaging in protected First Amendment activity—filing a Superior Court lawsuit against the defendants—by filing baseless criminal charges against Plaintiff, seizing Savannah, causing Plaintiff's 27-day detention, triggering probation violations, and damaging Plaintiff's reputation through news coverage. The timing of these adverse actions, shortly after the Superior Court lawsuit, and the lack of concrete evidence of abuse (e.g., Officer Patti's observation of Savannah's good condition and videos not showing abuse) demonstrate that the actions were motivated by Plaintiff's protected activity, violating Plaintiff's First Amendment rights.

**Count XI: Violation of Fourteenth Amendment Due Process (42 U.S.C. § 1983)**
44. Plaintiff realleges and incorporates by reference all prior allegations.

45. Defendants Lieutenant Alan D. Borgal, the Animal Rescue League, and the Massachusetts State Police, acting under color of law, violated Plaintiff's Fourteenth Amendment due process rights by depriving Plaintiff of his property interest in Savannah and liberty interest through detention without adequate process. The Massachusetts State Police contributed to this lack of fair procedure by obstructing Plaintiff's attempts to engage in meaningful dialogue with Officer Patti, denying Plaintiff necessary information about the investigation, such as how his personal information was obtained. The seizure of Savannah on December 19, 2024, by Borgal and ARL occurred without prior notice or an opportunity to be heard, while Plaintiff was in court. The criminal charges filed by Borgal and ARL were based on insufficient evidence, as shown by Officer Patti's admission on video to the State Police that there was no evidence of abuse, despite which the investigation continued, leading to the charges and seizure. The repeated search warrant applications by Borgal and ARL, despite repeated failures to find Savannah, further demonstrate a lack of fair procedure, causing Plaintiff emotional distress, detention, and loss of Savannah.

**Count XII: Abuse of Process (Massachusetts Law)**
46. Plaintiff realleges and incorporates by reference all prior allegations.

47. Defendants Lieutenant Alan D. Borgal and the Animal Rescue League used legal process—repeated search warrants and criminal charges—for the ulterior purpose of retaliating against Plaintiff for his Superior Court lawsuit, rather than for a legitimate investigation of animal cruelty. The repeated search warrants, despite no findings, and the criminal charges filed after Plaintiff's lawsuit, lacking concrete evidence of abuse, demonstrate an improper motive. This misuse of process caused Plaintiff harm, including the seizure of Savannah, 27-day detention, probation violations, and reputational damage.

**Count XIII: Violation of the Massachusetts Civil Rights Act (M.G.L. c. 12, §§ 11H and 11I)**

48. Plaintiff realleges and incorporates by reference all prior allegations.

49. Defendants Officer Patti, Lieutenant Alan D. Borgal, the Animal Rescue League, and Veris Residential interfered with Plaintiff's rights to privacy, due process, and petition under the U.S. and Massachusetts Constitutions through threats, intimidation, or coercion. Officer Patti coerced Plaintiff into licensing Savannah under threat of legal action, despite knowing Savannah was well cared for. Veris Residential intimidated Plaintiff by sharing his personal information and issuing a no-trespass order to disrupt his housing stability. Lt. Borgal and ARL coerced Plaintiff by filing baseless criminal charges and seizing Savannah after Plaintiff's Superior Court lawsuit, intending to punish Plaintiff for exercising his right to petition. These violations caused Plaintiff emotional distress, detention, loss of Savannah, and reputational harm.

Note on Malicious Prosecution: Plaintiff reserves the right to amend this complaint to add a claim for malicious prosecution against Lieutenant Alan D. Borgal and the Animal Rescue League if the criminal charges (docket numbers 2405CR001461 through 2405CR001466, and 2505CR0000170) are resolved in Plaintiff's favor, as the lack of probable cause and retaliatory motive are evident, but the proceedings' outcome is currently unknown.

## VI. REQUEST FOR BENCH TRIAL

50. Plaintiff, Armani Doshi, hereby waives his right to a jury trial and requests a bench trial on all issues so triable in this matter, pursuant to Rule 38(d) of the Federal Rules of Civil Procedure.

## VII. RELIEF SOUGHT

**51.** As a direct and proximate result of the actions of Defendants, Plaintiff has suffered the following damages:

   a. **Emotional Distress:** Plaintiff has suffered severe emotional distress due to Defendants' false allegations of animal cruelty, the unlawful investigation, Officer Patti's unauthorized photographs and coercive licensing demands, Veris Residential's sharing of Plaintiff's personal information and issuance of a no-trespass order, the repeated harassing visits by State Police, the seizure of Plaintiff's dog Savannah, and the retaliatory criminal charges, which led to Plaintiff's 27-day detention from December 19, 2024, to January 15, 2025, as well as probation violations in unrelated cases.

   b. **Reputational Harm:** Plaintiff's reputation has been significantly damaged within the community and publicly, as Defendants publicized baseless criminal charges in the news, portraying Plaintiff as an animal abuser and harming Plaintiff's standing.

   c. **Loss of Dog (Savannah):** Defendants' actions directly resulted in the seizure of Plaintiff's dog, Savannah, on December 19, 2024, causing profound emotional harm and loss of companionship.

   d. **Incidental Litigation Costs:** Although Plaintiff qualified for in forma pauperis status and was not required to pay standard filing fees, Plaintiff has still incurred various out-of-pocket costs in responding to the false accusations and in preparing this legal action. These include, but are not limited to, certified mailing expenses, postage, photocopying charges, and other incidental costs directly arising from Defendants' actions and the need to pursue legal remedies.

   e. **Loss of Enjoyment of Life:** Plaintiff has been unable to fully enjoy life due to the anxiety, stress, and disruption caused by the investigation, the seizure of Savannah, the criminal charges, and the resulting detention and probation violations, all of which have significantly impacted Plaintiff's daily life and well-being, including Plaintiff's ability to engage in normal activities such as socializing and maintaining regular routines.

**52. Plaintiff seeks the following relief:**

**Compensatory damages in the amount of $5 million.**

**Punitive damages in the amount of $5 million.**

**Declaratory relief acknowledging Defendants' violations of Plaintiff's rights.**

**Expungement or Sealing of Animal cruelty Criminal Records.**

**Public Acknowledgment of Liability.**

**Return of Plaintiff's dog, Savannah.**

**Apology letters from all parties.**

**Prejudgment Interest.**

**Injunctive relief prohibiting Defendants from unlawfully obtaining or using personal information in future investigations, and mandating training programs and policy changes for defendants Boston Animal Care and Control Department, Massachusetts State Police, Veris Residential, and Animal Rescue League to ensure compliance with constitutional rights, including proper handling of investigations, protection of privacy, and prevention of retaliatory actions.**

**Costs, including plaintiffs incidental litigation expenses for certified mailing, postage, photocopying, and other costs incurred in pursuing this action.**

**A formal public apology from Animal Control, Officer Patti, Veris Residential, Lieutenant Alan D. Borgal, Animal Rescue League, and the MA State Police, acknowledging their mishandling of the case and clearing Plaintiff of any wrongdoing.**

**Any other relief the Court deems just and equitable, including but not limited to additional measures to prevent future violations by defendants.**

**Respectfully submitted,**

**Plaintiff,**
**/s/Armani Doshi**
**50 Lewis St, Apt 508**
**East Boston, MA 02128**
**617-465-5110**
**pebblesf959@gmail.com**
**Date: 4-4-25**